STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JEANELLE S. KLEVELAND, RESPONDENT.
703 N.W.2d 244

Filed June 24, 2005.    No. S-04-1111.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

INTRODUCTION

On October 1, 2004, formal charges were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against Jeanelle S. Kleveland, respondent. The formal charges set forth two counts that included allegations that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law); and Canon 6, DR 6-101(A)(3) (neglecting legal matter), as well as her oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent's answer disputed the allegations.

A referee was appointed and heard evidence. The referee filed a report on May 2, 2005. With respect to the two counts in the charges, the referee concluded that respondent's conduct had violated DR 1-102(A)(5) and (6), DR 6-101(A)(3), and her oath as an attorney. The referee recommended that respondent receive a public reprimand and be placed on probation for a period of 18 months, during which probationary period, respondent would engage and work with a practicing attorney to monitor respondent's practice. On May 4, respondent and relator filed a joint motion

for judgment, requesting that this court accept the referee's recommendation and enter judgment thereon. We grant the joint motion for judgment and impose discipline as indicated below.

## FACTS

The substance of the referee's findings may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska in 1984. She has practiced in Lancaster County, Nebraska.

With regard to count I of the formal charges, the referee found that in October 2002, respondent was retained by a client to represent her in a dissolution of marriage action in the district court for Lancaster County. The dissolution action was filed on January 29, 2003, and thereafter, respondent and the client met to prepare a draft settlement agreement, a copy of which respondent sent to the client in April 2003. The referee further found that thereafter, from May to late July, the client repeatedly attempted to contact respondent but was unsuccessful. In September, the client terminated her attorney-client relationship with respondent.

With regard to count II of the formal charges, the referee found that in December 2003, the client wrote to relator complaining that respondent had neglected the client's case. On December 10, relator forwarded a copy of the client's correspondence to respondent and asked for a written response within 15 days. Thereafter, on January 16 and 28, and on February 2, 2004, relator sent letters to respondent, again seeking respondent's response to the client's concerns. Respondent did not file her response until March 4.

The referee found that respondent's actions constituted a violation of respondent's oath of office as an attorney and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(5) and (6) and DR 6-101(A)(3). With respect to the discipline to be imposed, the referee recommended that respondent receive a public reprimand and be placed on probation for a period of 18 months, during which probationary period respondent would engage and work with a practicing attorney to monitor respondent's practice.

On May 4, 2005, respondent and relator filed a joint motion for judgment, in which the parties moved this court to enter judgment in conformance with the referee's report and recommendation.

## ANALYSIS

As noted above, neither party filed written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 2003), relator and respondent filed a joint motion for judgment. When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Widtfeldt*, 269 Neb. 289, 691 N.W.2d 531 (2005). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the joint motion for judgment is granted.

A proceeding to discipline an attorney is a trial de novo on the record. *Id.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *State ex rel. Counsel for Dis. v. Villarreal*, 267 Neb. 353, 673 N.W.2d 889 (2004).

Based upon the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based upon the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated the following provisions of the Code of Professional Responsibility: DR 1-102(A)(5) and (6) and DR 6-101(A)(3). The record also supports a finding by clear and convincing evidence that respondent violated her oath of office as an attorney, and we find that respondent has violated said oath.

We have stated that "[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." *State ex rel. Counsel for Dis. v. Widtfeldt*, 269 Neb. at 293, 691 N.W.2d at 535. Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, rule 10(N).

With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach attorney discipline case must be evaluated individually in light of its particular facts and circumstances." *State ex rel. Counsel for Dis. v. Widtfeldt*, 269 Neb. at 293, 691 N.W.2d at 535. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Id.*

We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that respondent should be and hereby is publicly reprimanded. We further order that respondent be on probation for a period of 18 months, effective immediately, during which period, respondent shall be monitored by an attorney approved by relator. We further order that respondent shall (1) submit to such monitoring attorney monthly reports of respondent's pending cases, (2) meet on a monthly basis with such monitoring attorney to discuss respondent's pending cases, and (3) work with such monitoring attorney to develop and implement appropriate office procedures to ensure that client matters are handled in a timely manner.

## CONCLUSION

The joint motion for judgment is granted. We find by clear and convincing evidence that respondent violated DR 1-102(A)(5) and (6), DR 6-101(A)(3), and her oath of office as an attorney. It is the judgment of this court that respondent should be and is hereby publicly reprimanded. We further order that respondent be on probation for a period of 18 months, effective immediately, during which period, respondent shall be monitored by an attorney approved by relator, subject to the terms set forth above.

Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001) and rule 10(P) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.